```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

NATHANIEL PARKS,

    Petitioner,               Civ. No. 21-20362 (NLH)

   v.                         OPINION

NEW JERSEY
DEPARTMENT OF CORRECTIONS, et al.,

    Respondents.

APPEARANCES:

Nathaniel Parks
282645/629716C
South Woods State Prison
215 South Burlington Road
Bridgeton, NJ 08302

    Petitioner Pro se

HILLMAN, District Judge

Nathaniel Parks filed a petition for writ of habeas corpus under 28 U.S.C. § 2241.  FCF No. 1.  He asserts that his "public health emergency credits" have not been credited to his sentence for his time served during the COVID-19 pandemic.  Id. (citing N.J.S.A. § 30:4-123.100).[1]  The Court lacks jurisdiction over this claim.

---

[1] "[W]henever a public health emergency, pursuant to the 'Emergency Health Powers Act,' P.L.2005, c. 222 (C.26:13-1 et seq.), has been declared by the Governor and is in effect, the commissioner also shall award inmates public health emergency credits in accordance with this section if the public health emergency: (1) arises as a result of a communicable or

Petitioner brings this petition for a writ of habeas corpus as a pro se litigant.  The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Higgs v. Attorney Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011), as amended (Sept. 19, 2011) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that Petitioner is not entitled to relief.  28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); see also McFarland v. Scott, 512 U.S. 849, 856 (1994); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

District courts have jurisdiction under § 2241, the general federal habeas corpus statute, to issue a writ of habeas corpus before a criminal judgment is entered against an individual in state court.  Moore v. De Young, 515 F.2d 437, 441-42 (3d Cir. 1975).  Section 2254 is the federal habeas statute that applies to "a person in custody pursuant to the judgment of a State

---

infectious disease; and (2) results in substantial modifications to department-wide correctional facility operations." N.J.S.A. § 30:4-123.100(a).

court[.]" 28 U.S.C. § 2254(a). "It is a well-established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one." Coady v. Vaughn, 251 F.3d 480, 484 (3d Cir. 2001). Petitioner is a convicted and sentenced state prisoner challenging the calculation of his state sentence; this claim must be filed under § 2254. See McKnight v. United States, 27 F. Supp. 3d 575, 579 (D.N.J. 2014) ("Section 2254 supplies federal jurisdiction over habeas petitions filed by the inmates challenging their state convictions or sentences, or the execution of those state sentences, including the issues of parole, term calculation, etc."). Therefore, the Court may not consider Petitioner's claims under § 2241.

The Court declines to consider the petition under § 2254. Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 22 U.S.C. § 2244, a prisoner challenging the legality of a sentence imposed by a state court under § 2254 must include all potential claims in a single, comprehensive petition which must be filed within one year of the date when the judgment of conviction became final. A § 2254 petition may not be granted unless the prisoner has exhausted the remedies available in the state courts. 28 U.S.C. § 2254(b)(1). Moreover, except in very limited circumstances, a prisoner is barred from filing a second or successive habeas corpus petition.

The Court concludes it would not be in the interests of justice to convert the § 2241 petition to a proceeding under § 2254 because of the differences in the filing requirements as well as the legal consequences of filing a petition under § 2254.  See Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).  The Court will direct the Clerk to mail Petitioner a blank § 2254 habeas petition, which he may resubmit if he chooses.[2]  To the extent a certificate of appealability is required, the Court declines to issue one because reasonable jurists would agree that the Court lacks jurisdiction under § 2241.  28 U.S.C. § 2253; Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The petition for writ of habeas corpus will be dismissed for lack of jurisdiction, and no certificate of appealability will issue.

An appropriate order will be entered.


Dated: April 7, 2022             s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

---

[2] The Court makes no findings as to whether Petitioner has otherwise satisfied § 2254's filing requirements.